LAWRENCE ASBURY

*v.*

RICHARD MOHN, *Acting Superintendent,*

*West Virginia Penitentiary*

*as successor to*

*Bobby J. Leverette*

(No. 14173)

Decided February 13, 1979.

*James E. Spurlock* for relator.

*Chauncey H. Browning,* Attorney General, *David F. Greene,* Assistant Attorney General, for respondent.

HARSHBARGER, JUSTICE:

In this original habeas corpus proceeding, Lawrence Asbury asks unconditional release from confinement in the West Virginia State Penitentiary because he believes he was denied effective assistance of counsel on his appeal from a 1970 conviction for grand larceny.

His trial counsel, James Ansel, filed a notice of intent to appeal, but did not perfect the appeal. Asbury applied for a writ of habeas corpus in the United States District Court for the Northern District of West Virginia; the writ was denied on September 1, 1971. He then filed an application in the Fourth Circuit Court of Appeals which was granted and the case remanded through the Dis-

trict Court for relator's release if he was not resentenced within a reasonable time.

Relator was returned to Hardy County on September 11, 1972. Before the resentencing took place, Ansel moved, with Asbury's approval, to withdraw from the case. The motion was granted, Clyde See was appointed as his lawyer, and Asbury was resentenced. The court granted credit for time served in the county jail (approximately three months) but denied credit for time served in the penitentiary (two years and five months).

See petitioned this Court for credit for the penitentiary time, and a writ was granted, whereby Asbury was again returned to Hardy County for resentencing in December. He was given his original one to ten year sentence, but the court allowed him credit for both time spent in the county jail and in the penitentiary. During all this, no appeal was ever perfected in relator's behalf.[1]

Pursuant to relator's present petition in this Court, depositions were taken from both relator and his counsel, Clyde See. The only issues of fact are whether Asbury wanted to take an appeal following his conviction and whether his attorney was asked to take that appeal.

James Ansel was initially appointed to represent both relator and his brother, who was accused of being involved in the same crime. After his conviction, Asbury instructed Ansel not to appeal because he was afraid that an appeal would prejudice his brother's case.

After See was appointed at the first resentencing in September of 1972, he concentrated on getting the credit Asbury had been denied for time spent in the penitentiary. Then when this Court ordered that Asbury again be resentenced in order for a new eight month appeal period to begin running, Asbury instructed See not to appeal, fearing that an appeal would hurt his chances for parole.

---

[1] Asbury was paroled on July 18, 1973 but his parole was revoked on May 21, 1975.

Although there was some correspondence between Asbury and See during the months between September (the first resentencing) and December (the second resentencing), there was nothing to directly indicate that Asbury wanted to appeal. In fact, he testified that he instructed See in September not to appeal because of the possibility that he would be paroled in January. See testified that it was not until December that Asbury gave this instruction, but in any event, he was not paroled until July and he had several months to request an appeal. As indicated by the testimony in his deposition, Asbury made no such request of his attorney after he was resentenced in December.

"An indigent criminal in this State has a right to appeal his conviction." *Rhodes v. Leverette*, W. Va., 239 S.E.2d 136, 139 (1977). *See also*, W. Va. Constitution, Article III, Sections 10 and 17; *Johnson v. McKenzie*, W. Va. 235 S.E.2d 138 (1977); *Carter v. Bordenkircher*, W. Va., 226 S.E.2d 711 (1976); *State ex rel. Johnson v. McKenzie*, W. Va., 226, S.E.2d 721 (1976); *State ex rel. Bratcher v. Cooke*, 155 W. Va. 850, 188 S.E.2d 769 (1972); *Linger v. Jennings*, 143 W. Va. 57, 99 S.E.2d 740 (1957).[2]

However, one convicted of a criminal offense is not entitled to a writ of error as a matter of right. *W. Va. Constitution*, Article VIII, Section 6; *State v. Legg*, 151 W. Va. 401, 151 S.E.2d 215 (1967). In *Legg*, the Court said:

'In general, the right of review in a criminal case pertains merely to the remedy and is not a natural, inherent, or vested right. . . . . In order

[2] This principle was clearly enunciated in *Bratcher*, 188 S.E.2d at 770:

As reflected by many decisions of the United States Supreme Court, a convicted defendant cannot be denied his right to appeal, either by the trial judge or by one outside the judicial system. Such denial constitutes a violation of the due process clauses of the state and federal constitutions and the judgment imposing sentence is void and unenforceable. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L. Ed.2d 811; and Eskridge v. Washington State Board of Prison Terms, 357 U.S. 214, 78 S.Ct. 1061, 2 L. Ed.2d 1269.

to obtain a review of a judgment of conviction, accused must resort to the remedies given either by the common law or by statute, and must comply with the procedural requirements prescribed by statute.' [Citation omitted]. 151 W. Va. at 405, 151 S.E.2d at 218.

The statute dealing with appellant review [*Code,* 58-5-4][3] was found jurisdictional and mandatory: "[T]he appellate court does not acquire jurisdiction and cannot entertain an appeal unless the appeal petition is filed within the prescribed appeal period." 151 W. Va. at 406, 151 S.E.2d at 219. And the right to appeal may be waived. *Davis v. United States,* 315 F. Supp. 232 (E.D. Mo. 1970); *State ex rel. Ruetz v. LaGrange Circuit Court,* 258 Ind. 354, 281 N.E.2d 106 (1972); *Commonwealth v. Maloy,* 438 Pa. 261, 264 A.2d 697 (1970).

Asbury contends that the court's actions in appointing the same attorney for himself and his brother, and in denying him credit for time he was incarcerated, had a chilling effect upon any attempt he would have made to appeal his conviction. These events did not affect him after his second resentencing and therefore seem not pertinent.

He also states that he was denied his constitutional right to effective assistance of counsel. Were this the case, relief would indeed be appropriate because as Justice Miller observed in *Rhodes v. Leverette, supra:*

---

[3] *W.Va. Code,* 58-5-4 provides in part:

No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than eight months before such petition is presented. . . .

In criminal cases no petition for appeal or writ of error shall be presented unless a notice of intent to file such petition shall have been filed with the clerk of the court in which the judgment or order was entered within sixty days after such judgment or order was entered. The notice shall fairly state the grounds for the petition without restricting the right to assign additional grounds in the petition.

> [I]t is clear that this Court is committed to the concept that effective assistance of counsel on appeal is guaranteed through the Due Process Clause of the West Virginia Constitution, Article III, Section 10. 239 S.E.2d at 140.

Here the evidence shows two things: (1) Asbury did not request See to prosecute an appeal; and (2) Asbury affirmatively opposed him doing so. Indeed, the evidence is that Asbury was concerned only with his chances for parole and freely chose not to appeal, even after making every effort to get the opportunity to do so. It is too much to ask of counsel that in order that he be considered effective he must act directly contrary to his client's directions in a matter where the client's choice involves no legal judgment that the lawyer should overrule. There is nothing in the record to establish his claim of ineffective assistance of counsel.

*Writ denied.*