332 S.E.2d 111

**Jerry MILLER**

v.

**Edward T. LUFF, Judge.**

**No. 16482.**

Supreme Court of Appeals of West Virginia.

March 22, 1985.

Rehearing Denied June 11, 1985.

Hugh Rogers, Jr., Kerens, for petitioner.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for respondent.

BROTHERTON, Justice:

This is a proceeding in mandamus, in which the petitioner, Jerry Miller, asks this Court to compel the Circuit Court of Taylor County to grant him credit against his current sentence for time served on a sentence imposed by the Circuit Court of Harrison County for a related offense. We find that petitioner is not entitled to credit where the first term of imprisonment was completed prior to final imposition of the second sentence. Accordingly, we decline to issue the writ of mandamus.

The charges giving rise to the disputed sentences stemmed from an incident in which the body of a young man was pulled from a burning car near Shinnston, West Virginia. Investigators discovered evidence of arson, and that the body had been embalmed. The body later was identified as that of a Shinnston resident killed in a motorcycle accident less than a month earlier. The incident apparently was an attempt by Miller to stage his own disappearance in order to avoid marital and financial difficulties. Miller was arrested and indicted in Taylor County for disinterment of a dead human body, and in Harrison County for arson.

In February of 1982, the petitioner plead guilty to the Harrison County arson charge. Sentencing was postponed in order to obtain a preliminary investigation on the possibility of probation. In May, 1982, petitioner was convicted by a jury in Taylor County on the disinterment charge. He was sentenced to two-to-five years at the Huttonsville Correctional Center by the respondent, Judge Edward T. Luff. Judge Luff granted a sixty-day stay of execution of this sentence in order to allow Miller to appeal a ruling that he was ineligible for probation. The trial court denied bail, but this Court granted Miller's petition for an appeal bond on June 22, 1982.

The Taylor County court's stay of execution expired on July 20, 1982, but Miller remained free on bond. The next month, the Circuit Court of Harrison County sentenced petitioner to one-to-three years at Huttonsville for the arson charge. Petitioner served one year and two days on this

sentence and was granted parole in August, 1983.

In December, 1983, petitioner appealed to this Court respondent's ruling in the sentencing proceeding for disinterment that petitioner could not be considered for probation. The Court granted the appeal and remanded the case to the respondent with orders to resentence petitioner, taking into account the possibility of probation. *See State v. Miller,* 172 W.Va. 718, 310 S.E.2d 479, 481 (1983). On May 22, 1984, Judge Luff resentenced Miller to the original term of two-to-five years.

After the resentencing, Miller's counsel submitted to respondent a motion for credit for time served. Judge Luff denied the motion insofar as it related to credit for time served at Huttonsville on the arson charge. In this proceeding, petitioner seeks a writ of mandamus ordering Judge Luff to give credit on the disinterment sentence for the year served at Huttonsville on the arson conviction.

Petitioner's position is that the two sentences would have run concurrently had he not appealed the Taylor County sentence. Hence he asserts that respondent's denial of credit converted concurrent sentences to consecutive sentences, and that this result discourages the exercise of a defendant's right to appeal. Although this Court has recognized the merits of this "chilling effect" argument in prior cases, *see, e.g., State v. Eden,* 163 W.Va. 370, 382, 256

S.E.2d 868, 875 (1979), we do not believe that it is applicable in the case before us.

Due to the sequence of events in this case, neither sentencing court had occasion to specify whether the sentence imposed by it was to be concurrent with or cumulative to[1] the other sentence. The respondent's initial sentence for disinterment was the first sentence imposed. When the sentence for arson was pronounced, the petitioner was free on an appeal bond, and the sentencing court had no final sentence to refer to pending disposition of the appeal. By the time of the resentencing for disinterment, Miller had completed his term for arson, and it is clear from the record that respondent considered any question of interaction between the two sentences moot.

At a minimum, the trial court imposing the second sentence has the power to make it cumulative to the sentence already imposed. *See State ex rel. Yokum v. Adams,* 145 W.Va. 450, 454, 114 S.E.2d 892, 896 (1960). Because the first sentence for disinterment was vacated on appeal, we look to the resentencing on this charge as imposing the second sentence.[2] As we interpret the record, the respondent, on resentencing, intended that the disinterment sentence be served in addition to the arson sentence.[3] We cannot, therefore, accept petitioner's assertion that the sentences for arson and disinterment would have been concurrent but for his appeal.[4] For this reason, we do not reach the due process

1. Because petitioner was released from prison and free on his appeal bond for approximately nine months between the arson sentence and the disinterment sentence, it is more accurate to describe the sentences as "cumulative" than as "consecutive."

2. Alternatively, we could look to the sentencing for arson. Because the original sentence for disinterment was vacated, however, any direction in the arson sentence regarding concurrent or consecutive operation would have been meaningless.

3. The record does not include the actual sentencing order, and, as noted above, respondent considered this issue moot by the time of the resentencing. It is apparent, however, from respondent's denial of the motion for credit and from his position as set out in correspondence to counsel for the petitioner, that the court considered the sentences cumulative.

4. Petitioner asserts that the two sentences would have been concurrent under the rule set out in *State ex rel. Yokum v. Adams,* 145 W.Va. 450, 114 S.E.2d 892 (1960). We note, however, that despite finding concurrent sentences, the Court in that case allowed no credit for time served on the first conviction prior to imposition of the second:

> ... [s]ince it does not clearly appear that the court intended the sentences to run consecutively, we must hold that the case falls within the majority rule and that the valid portions of the two sentences must run concurrently *insofar as they overlap,* which means that the prisoner will have served both sentences at the expiration of the [second term].

145 W.Va. at 454, 114 S.E.2d at 896 (emphasis added). *But see State v. Meadows,* 272 N.C. 327, 158 S.E.2d 638, 646 (1968) (defendant entitled to credit on manslaughter sentence for all time served on assault sentence, even though sen-

issue. Rather the issue here must be framed in terms of whether petitioner is entitled to credit on his current sentence for time served pursuant to his conviction for a separate crime.

There is little law on the subject of crediting time served on one conviction against the sentence for a second conviction in the same state. This issue ordinarily can be addressed in terms of concurrent versus consecutive sentences. It is widely recognized, however, that credit may be denied for periods of detention under sentence in a different jurisdiction. *See, e.g., Plymale v. Coiner,* 302 F.Supp. 1272, 1273 (N.D.W.Va. 1969); 50 Op. Att'y Gen. 199 (1963).

The decisions of this Court in the area of credit for pre- and post-conviction confinement are based on the constitutional guarantees of equal protection and double jeopardy. *See, e.g., Martin v. Leverette,* 161 W.Va. 547, 551, 244 S.E.2d 39, 42 (1978). In the case now before the Court, considerations of unequal treatment based on indigency in violation of the equal protection clause are not applicable. Similarly, the double jeopardy bar against multiple punishments forbids multiple punishments for the same offense, and has no relevance where the defendant is being punished for two separate crimes. *See generally Conner v. Griffith,* 161 W.Va. 680, 682, 238 S.E.2d 529, 530 (1977). Where a defendant has been convicted of two separate crimes, and the legislature authorized a distinct punishment for each, the defendant has no constitutional right to serve less than the cumulative total. We conclude, therefore, that the petitioner is not entitled to credit for time served on his conviction for a related offense where he was released from confinement prior to final imposition of the sentence for the second conviction.

Because the petitioner has not shown a legal right to the relief sought, the writ of mandamus is denied.

Writ denied.

tence for assault commenced prior to trial and conviction for manslaughter).