STATE OF WEST VIRGINIA

**Keith Miller,**
**Petitioner Below, Petitioner**

**FILED**

**February 19, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 15-0352** (Ohio County 14-C-355)

**Karen Pszczolwski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Keith Miller, pro se, appeals the March 24, 2015, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent Karen Pszczolwski, Warden, Northern Correctional Facility, by counsel David A. Stackpole, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner and the State entered into a plea agreement pursuant to which petitioner would plead guilty to two counts of Delivery of a Schedule II Controlled Substance (Cocaine) Within 1000 Feet of A School. The parties agreed that the agreement would not be binding upon the circuit court and that "punishment will be in the sole discretion of the [c]ourt." The agreement further specified that each of the parties "will be free to argue sentencing" and that "neither side will be limited in any way as to what it may request of the [c]ourt at the sentencing hearing." Petitioner further agreed that "he will not be permitted to withdraw his pleas of guilty after the same have been accepted by the [c]ourt" and waived his right to appeal.

At an October 2, 2007, plea hearing, the circuit court engaged petitioner in a colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), to determine the voluntariness of petitioner's guilty pleas. During the colloquy, petitioner reiterated that he "understood that sentencing was in the total and absolute discretion of the [c]ourt" and that he was

waiving "[t]he right to petition for appeal." Petitioner was also satisfied with "the representation and advice which he has received from [his] counsel." In making that finding, the circuit court noted that petitioner's counsel obtained a copy of the indictment and consulted with his client. The record further indicates that counsel sought and received discovery from the State on September 21, 2007. The circuit court found that petitioner's counsel was "competent in criminal matters." The circuit court concluded that petitioner "freely, voluntarily, knowingly[,] and intelligently" entered his guilty pleas. Accordingly, the circuit court accepted petitioner's pleas and convicted him of two counts of Delivery of a Schedule II Controlled Substance (Cocaine) Within 1000 Feet of A School.

At a February 8, 2008, sentencing hearing, the circuit court accepted the presentence investigation ("PSI") report without objection. Based on the recommendation set forth in the PSI report, the State argued that petitioner receive two sentences of one to fifteen years of incarceration, to be served consecutively. Petitioner asserted that he should be placed on probation or sentenced to the Anthony Center for Youthful Offenders.[1] Thereafter, the circuit court sentenced petitioner in accordance with the recommendation in the PSI report and imposed an aggregate term of two to thirty years of incarceration. Following the sentencing hearing, petitioner filed several motions to reduce his sentence all of which were denied.

Petitioner filed his petition for a writ of habeas corpus on December 22, 2014, asking that he be resentenced in order to file a direct appeal of his convictions and sentence. As his grounds in support of that requested relief, petitioner alleged that (1) counsel was ineffective by (a) not investigating the facts, (b) not reviewing the record; and (c) not filing an appeal; (2) petitioner was denied his right to appeal; and (3) petitioner was sentenced more harshly than expected. The circuit court denied the habeas petition on March 24, 2015. In its order, the circuit court determined that at the October 2, 2007, plea hearing, petitioner (1) "acknowledged his satisfaction with the representation provided to him by his counsel"; (2) waived his right to file "[a] petition for an appeal from any conviction"; and (3) recognized that the circuit court "retained sole control over [p]etitioner's sentence." The circuit court further found that "[p]etitioner acknowledged the factual predicate necessary for the charges to which he was pleading guilty [and] entered his guilty plea[s] voluntarily."

Petitioner now appeals the circuit court's March 24, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[1]Petitioner was twenty-one years old at the time.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

Preliminarily, we address two procedural issues raised by petitioner. First petitioner argues that the circuit court judge who presided over his criminal case should not have presided in his habeas proceeding. Petitioner's argument is contrary to longstanding and well-reasoned West Virginia precedent. *See State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997) (trial judge is sufficiently familiar with underlying proceedings to determine most habeas issues without hearing). Accordingly, we reject this argument.

Second, petitioner asserts that the record was not sufficiently developed to permit the circuit court to deny his petition without an evidentiary hearing and appointment of counsel. We disagree for reasons explained below and further note that under Syllabus Point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973), a circuit court may deny a habeas petition without an evidentiary hearing and appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." By prior orders, we (1) granted respondent's motion to supplement the appendix with documents from the circuit court record in this case and took judicial notice of several documents in the record of petitioner's underlying criminal case; and (2) acted on our own motion to supplement the appendix with the discovery that the State filed on September 21, 2007, at petitioner's counsel's request.[2] Therefore, we find that the record is sufficiently developed to permit adjudication of petitioner's claims.

Turning to the substantive issues, in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995). Also, "the right to appeal may be waived." *Asbury v. Mohn*, 162 W.Va. 662, 665, 256 S.E.2d 547, 549 (1979). Even when a defendant pleading guilty preserves the right to appeal, an appeal in such a case lies "as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Holstein*, 235 W.Va. 56, __, 770 S.E.2d 556, 558 (2015) (internal quotations and citations omitted).

Petitioner concedes that his consecutive sentences were legal; therefore, assuming arguendo, that petitioner did not waive his right to appeal, the only possible ground for an appeal was that his guilty pleas were involuntary. Respondent asserts that petitioner did not argue that his pleas were involuntarily entered in his habeas petition. However, the circuit court interpreted petitioner's petition as raising the alleged involuntariness of his pleas because the court addressed the issue in its order, finding that petitioner "entered his guilty plea[s] voluntarily." We agree with

---

[2]Rule 6(b) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that this Court, upon its own motion, "may consider portions of the record other than those provided by the parties."

the circuit court's interpretation of the petition and determine that petitioner alleged that his pleas were involuntary because petitioner apparently intended to link his contention that his sentences were harsher than expected to his ineffective assistance of counsel claim.

According to petitioner, he would not have pled guilty if counsel had not led him to believe that he would receive concurrent sentences. Respondent counters that petitioner understood that, under the plea agreement, "punishment will be in the sole discretion of the [c]ourt" and acknowledged at the plea hearing that "sentencing was in the total and absolute discretion of the [c]ourt." Petitioner raised no concern with the advice provided by counsel because the circuit court found that petitioner was satisfied with "the representation and advice which he has received from [his] counsel." This finding is bolstered by the circuit court's additional finding that counsel was "competent in criminal matters." Given such findings contained within the record, we conclude that petitioner's allegations that counsel misadvised him as to the possibility of consecutive sentences are without merit. Because petitioner's claim that his guilty pleas were involuntary is based on being so misadvised, we accordingly find that claim to lack merit and conclude that the circuit court did not err in finding that petitioner's pleas were voluntarily entered.

As for petitioner's claim that counsel was ineffective by failing to investigate the facts and by failing to review the record, we reject that claim because, based on the record, counsel obtained a copy of the indictment and requested discovery from the State, which was subsequently produced. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's March 24, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4