**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Michael Kandis,**
**Petitioner Below, Petitioner**

**FILED**

**April 15, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0431** (Ohio County 14-C-258)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Michael Kandis, pro se, appeals the March 31, 2015, order of the Circuit Court of Ohio County denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of burglary, one count of conspiracy to commit burglary, and three counts of second degree robbery. On July 16, 2013, the State renewed a previously-made plea proposal pursuant to which petitioner would plead guilty to the conspiracy count and two of the robbery counts. In exchange, the State would dismiss the burglary count and the third robbery count. The proposal required petitioner to agree to a "minimum sentence" of ten to thirty-six years of incarceration. In other words, while petitioner would be allowed to argue that the one- to five-year sentence for conspiracy be served concurrently with the two five- to eighteen-year sentences for robbery, he had to agree that he would serve the two robbery sentences consecutively to each other. According to a July 24, 2013, letter from petitioner's counsel, counsel recommended that petitioner accept the proposal. In making this recommendation, counsel felt that, based upon his consideration of the evidence, "[petitioner's] options have been exhausted." However, petitioner did not accept the July 16, 2013, plea proposal.

1

Petitioner and the State ultimately entered into a different plea agreement on September 25, 2013. Petitioner agreed to plead guilty to the three robbery counts and the State agreed to dismiss the burglary and conspiracy counts. Petitioner also agreed that he was "waiving his right to challenge the validity of this plea agreement by direct appeal[.]" Under the plea agreement, if the circuit court imposed consecutive sentences for the three robbery convictions, petitioner would face an aggregate sentence of fifteen to fifty-four years of incarceration. However, petitioner remained free to argue for concurrent sentencing as to all three convictions.

At the September 25, 2013, plea hearing, the State stated that it would be recommending consecutive sentences. The circuit court asked petitioner whether he was aware that if the court ordered that petitioner serve consecutive terms, he would spend a total of fifteen to fifty-four years in the State's custody. Petitioner responded, "Yeah." The circuit court reminded petitioner that the plea agreement was non-binding on the court and that "the [c]ourt may impose whatever legal sentence it determines is appropriate notwithstanding any recommendations made by either or both of the attorneys." The circuit court asked whether petitioner understood this. Petitioner answered, "I do."

The circuit court inquired of petitioner, "Have there been any promises made to you in order to get you to enter into this plea agreement, other than the promises contained within it?" Petitioner responded, "No, sir." The circuit court asked whether counsel "fully explained" the plea agreement's terms to petitioner. Petitioner answered, "Yes." Petitioner also responded affirmatively when the circuit court inquired whether he was "completely satisfied" with counsel's representation. At the end of its colloquy with petitioner, the circuit court accepted petitioner's guilty plea to each robbery count and found that petitioner entered his guilty pleas "knowingly, intelligently, and of his own free will." Accordingly, the circuit court convicted petitioner of three counts of second degree robbery.

At a November 14, 2013, sentencing hearing, petitioner argued for concurrent sentencing. However, the circuit court imposed consecutive terms for petitioner's robbery convictions for an aggregate sentence of fifteen to fifty-four years of incarceration. Following sentencing, on March 18, 2014, petitioner's counsel filed a motion for modification of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, which remains pending.

On September 8, 2014, petitioner filed a petition for writ of habeas corpus on grounds that (1) petitioner should be resentenced so that his time to appeal his convictions is renewed; and (2) counsel was ineffective during the plea bargaining process. The circuit court rejected petitioner's claims, finding that (a) "[p]etitioner waived his right to an appeal"; (b) "there has been no evidence or argument" that petitioner did not enter his guilty pleas knowingly and voluntarily; and (c) "[p]etitioner expressed his satisfaction with [counsel]'s services when questioned by the [c]ourt during his plea hearing." The circuit court addressed petitioner's factual assertion that counsel was battling illness at the time petitioner entered his pleas by finding that it "saw no evidence or indication that [counsel] was ill at that time of [p]etitioner's plea hearing or that his legal abilities were impeded in any way during [the] underlying proceedings." Accordingly, the circuit court denied petitioner's habeas petition.

Petitioner now appeals the circuit court's March 31, 2015, order denying his habeas petition. We apply the following standard of review in such appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Also, "the right to appeal may be waived." *Asbury v. Mohn*, 162 W.Va. 662, 665, 256 S.E.2d 547, 549 (1979). Even when a defendant pleading guilty preserves the right to appeal, an appeal in such a case lies "as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Holstein*, 235 W.Va. 56, 770 S.E.2d 556 (2015) (Internal quotations and citations omitted.)

On appeal, petitioner does not contend that imposition of consecutive sentences is illegal, but only that his guilty pleas were not knowingly and voluntarily entered because counsel allegedly promised him that he would receive concurrent sentences. Therefore, assuming arguendo, that petitioner did not waive his right to appeal, we find that the only possible ground for an appeal was that his guilty pleas were involuntary.[1]

Inherent in petitioner's involuntariness argument is his assertion that counsel should have encouraged him to accept the July 16, 2013, plea offer. That plea offer, which was not accepted, would have required petitioner to serve two consecutive sentences for second degree robbery. Petitioner notes that his acceptance of the September 25, 2013, plea offer resulted in his being given three consecutive sentences for second degree robbery. However, according to petitioner, counsel advised him that the September 25, 2013, plea offer was the "better deal" in that it did not require him to serve any consecutive sentences and allowed him to argue for concurrent sentencing with regard to every conviction. We note that in his July 24, 2013, letter to petitioner, counsel recommended that he accept the July 16, 2013, plea offer, and find that petitioner's assertion that counsel somehow did not follow up on his recommendation is dubious.[2] However, even if

---

[1]Respondent argues that petitioner would have the right to appeal any ruling with regard to his motion for modification of sentence which is still pending and that such an appeal would count as the one criminal appeal to which petitioner was constitutionally entitled. *See* Syl., *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972). We decline to address respondent's argument because we dispose of petitioner's appeal on other grounds.

[2]Based on our review of counsel's July 24, 2013, letter, the September 25, 2013, plea (continued . . .)

counsel's failure caused petitioner not to accept the July 16, 2013, plea offer, we find that petitioner's complaint is not that he accepted the "harsher" September 25, 2013, plea offer; instead, petitioner complains only that, while that plea offer left him free to argue for concurrent sentencing with regard to every conviction, he received three consecutive terms of incarceration.

We return to—and are left with—petitioner's allegation that his guilty pleas were involuntarily entered because counsel promised him that he would receive concurrent sentences. The circuit court found that there was "no evidence" that petitioner's pleas were involuntary. More specifically, at the September 25, 2013 plea hearing, when the circuit court asked petitioner whether there had been any promises made to petitioner in order to induce him to enter his guilty pleas "other than the promises contained within [the September 25, 2013, agreement]," Petitioner answered, "No, sir." The circuit court informed petitioner that the plea agreement was non-binding on the court and that "the [c]ourt may impose whatever legal sentence it determines is appropriate notwithstanding any recommendations made by either or both of the attorneys." The circuit court asked whether petitioner understood this. Petitioner answered, "I do." Also, at the plea hearing, the State stated that it would be recommending that consecutive sentences be imposed. The circuit court asked petitioner whether he was aware that if the court ordered that petitioner serve consecutive terms, he would spend a total of fifteen to fifty-four years in the State's custody. Petitioner responded, "Yeah." Therefore, we determine that the circuit court did not clearly err in finding that there was no evidence to counter its determination at the plea hearing that petitioner entered his guilty pleas "knowingly, intelligently, and of his own free will." Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's March 31, 2015, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

hearing transcript, the November 14, 2013, sentencing hearing transcript, and the March 18, 2014, motion for modification of sentence filed by counsel, we cannot say that the circuit court erred in finding that the record does not support petitioner's allegation that illness was hampering counsel's performance during his representation of petitioner.