# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Justin Adams,**
**Petitioner Below, Petitioner**

**FILED**

**June 2, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0733** (Taylor County 16-C-35)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin Adams, pro se, appeals the July 15, 2016, order of the Circuit Court of Taylor County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner committed a bank robbery in Harrison County, West Virginia, in 2004 and another bank robbery in Taylor County, West Virginia, in 2010. The federal government prosecuted petitioner for the 2004 bank robbery, and petitioner received a sentence of thirty-seven months of incarceration. In 2007, petitioner was placed on supervised release. Petitioner was still serving his federal supervised release when he committed the second bank robbery, for which he was arrested and indicted by the State of West Virginia in February of 2010. On or about April 9, 2010, petitioner was transferred to federal custody because he violated the terms and conditions of his supervised release. The federal government re-incarcerated petitioner from April 10, 2010, to April 21, 2011, and then discharged him. The State of West Virginia re-arrested petitioner for the 2010 bank robbery on July 7, 2011.

In January of 2012, petitioner pled guilty to one count of bank robbery pursuant to a plea agreement in which the State agreed not to file a recidivist information against him. The circuit court sentenced petitioner to ten to twenty years of incarceration, but stated that it would be willing to allow petitioner to attend an inpatient drug rehabilitation center if his attorney could find him a

1

placement, and on the condition that he would be recommitted to the custody of the West Virginia Division of Corrections ("DOC") following his completion of the program. Petitioner's attorney found him an appropriate placement and accordingly filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court granted the motion and allowed petitioner to attend the inpatient drug rehabilitation program. However, the circuit court had to recommit petitioner to the DOC's custody earlier than expected because, instead of completing the program, he absconded from the treatment facility resulting in a capias being issued for his arrest.

Following his recommitment to the DOC's custody, petitioner filed a Rule 35(a) motion for correction of sentence on January 29, 2015, asserting that he was entitled to credit for time served for the period when he was in the State's custody from February 9, 2010, to April 9, 2010, and for the period from April 10, 2010, to April 21, 2011, when he was incarcerated at a federal correctional institution for violating his supervised release regarding the 2004 bank robbery. By order entered on February 3, 2015, the circuit court granted petitioner sixty days of credit for time served for the period from February 9, 2010, to April 9, 2010, but denied any such credit for his incarceration that resulted from "his violation of his federal [supervised release that] was served on a separate sentence from [a f]ederal court."

On July 11, 2016, petitioner filed a petition for a writ of habeas corpus alleging that (1) the circuit court failed to grant him credit for time served for the period from April 10, 2010, to April 21, 2011, when he was incarcerated at a federal correctional institution for violating his supervised release; and (2) his attorney in his criminal case was ineffective in failing to file an appeal that raised the issue of credit for time served for his federal incarceration during 2010 and 2011. By order entered on July 15, 2016, the circuit court denied habeas relief. The circuit court rejected petitioner's claim that the State of West Virginia still had legal custody of him while he was incarcerated by the federal government from April 10, 2010, to April 21, 2011, given his release into the community (rather than back into the State's custody) upon his discharge from the federal correctional institution. With regard to petitioner's second ground for relief, the circuit court found that, "as [petitioner] is not entitled to credit for time served while in federal prison for his 2004 offense, [petitioner's attorney] could not have been ineffective by failing to appeal this issue."

Petitioner now appeals the circuit court's July 15, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "In habeas corpus proceedings . . ., the petitioner [generally] has the burden of proof; the degree of proof is by a preponderance of the evidence." *Stanley v. Dale*, 171 W.Va. 192, 194, 298 S.E.2d 225, 227-28 (1982); *see* Syl. Pt. 1, *Woods v. Whyte*, 162 W.Va. 157, 247 S.E.2d 830 (1978) (holding that "[i]n

2

a habeas corpus proceeding where prisoners allege but do not prove that they are being illegally held, relief will be denied").

On appeal, petitioner raises the same two issues he raised in his habeas petition. With regard to his alleged entitlement to additional credit for time served, petitioner contends that this State still had legal custody of him during his federal incarceration from April 10, 2010, to April 21, 2011, given his arrest for the 2010 bank robbery prior to his transfer to federal authorities. Petitioner notes that his commission of the 2010 offense meant that he violated his federal supervised release with regard to his 2004 conviction. We disagree with petitioner that the violation of his supervised release due to his later offense required that he be given credit for time served for his federal incarceration from April 10, 2010, to April 21, 2011. We agree with the circuit court's finding that petitioner was not entitled to credit for that period of incarceration because it did not result from his arrest for the 2010 offense, but from "his violation of his federal [supervised release that] was served on a separate sentence from [a f]ederal court." The two cases are distinct involving not only separate sovereigns, but also different operative facts given that the two bank robberies were committed in different counties and six years apart. In *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986), and *Miller v. Luff*, 175 W.Va. 150, 153, 332 S.E.2d 111, 114 (1985), we found that there are cases in which double jeopardy and other constitutional principles that require that credit be given for time served are not implicated. We find that this is such a case. Therefore, we conclude that petitioner has failed to prove that he was entitled to credit for time served for the period from April 10, 2010, to April 21, 2011.

With regard to petitioner's claim of ineffective assistance of counsel, we agree with the circuit court's finding that "as [petitioner] is not entitled to credit for time served while in federal prison for his 2004 offense, [petitioner's attorney] could not have been ineffective by failing to appeal this issue."[1] Petitioner attempts to evade this finding by noting that his request to the circuit court was that it resentence him so that he could raise the issue of credit for time served in a criminal appeal rather than in this habeas appeal. Respondent appears to concede that petitioner was denied his right to appeal by arguing that such denial was harmless beyond a reasonable doubt given that petitioner's substantive issue is without merit.

We do not accept respondent's concession. *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991) (holding that we are not obligated to accept the State's confession of error). While petitioner contends that he did not waive his right to appeal,[2] there is no dispute that a criminal defendant may choose not to appeal. We find that the record in this case supports the clear

---

[1]We note that, in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

[2]In *Asbury v. Mohn*, 162 W.Va. 662, 665, 256 S.E.2d 547, 549 (1979), we found that, although a constitutional right, "the right to appeal may be waived."

inference that there was no appeal in petitioner's criminal case because he already had a post-sentencing strategy of persuading the circuit court to allow him to attend an inpatient drug rehabilitation program if his attorney could find him a placement. Petitioner's attorney did find him an appropriate placement, and the circuit court permitted petitioner to attend the program until he absconded from the treatment facility and was recommitted to the DOC's custody. Therefore, we find that petitioner has failed to prove that he was denied the right to appeal in his criminal case. We conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's July 15, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 2, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker