# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0541** (Wetzel County 11-F-15)

**John Michael Howell,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Michael Howell, by counsel Keith White, appeals the May 12, 2016, order of the Circuit Court of Wetzel County sentencing him to life imprisonment, with mercy, following his kidnapping conviction. Respondent State of West Virginia, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that his sentence is illegal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2011, petitioner was indicted on four counts: one count of kidnapping, one count of attempted second-degree sexual assault, one count of first-degree sexual assault, and one count of malicious assault. On January 4, 2016, petitioner entered into a plea agreement with the State pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure whereby he agreed to plead guilty to the kidnapping charge and be sentenced to life, with mercy. The plea agreement further specified that petitioner would be eligible for parole after serving a minimum of fifteen years.

On the following day, January 5, 2016, the circuit court held a plea and sentencing hearing. During this hearing, the State placed the agreement on the record and informed the circuit court and petitioner that, "[e]ssentially, the plea that we're offering, you plead to kidnapping with a recommendation of mercy. You're going to meet the parole board after [fifteen] years. . . ." Counsel for petitioner also summarized the agreement: "Judge, other than just to clarify, my understanding of the agreement is that the plea agreement calls for the

1

sentence of life with mercy and that the Court's recommendation will be as to parole, not as to mercy at the end of [fifteen] years." The circuit court also explicitly informed petitioner that

> pursuant to the terms of [the plea] agreement, you would tender a plea of guilty to the felony offense of kidnapping and that you would be sentenced to a term of life with mercy so that you would then be eligible for parole after serving a minimum of [fifteen] years with credit for time already served.

Later in the hearing, the circuit court reiterated, "[n]ow, kidnapping with a life with mercy recommendation means that you would be eligible for parole after serving a minimum of [fifteen] years with credit for time served[.]" Finally, after accepting petitioner's plea as knowingly, intelligently, and voluntarily made, the circuit court again informed petitioner that he "would be eligible for parole after serving a minimum of [fifteen] years with credit for time served[.]" In sum, petitioner was informed no less than five times that he would be eligible for parole after serving a minimum of fifteen years. The circuit court, after finding no reason to delay sentencing, proceeded to sentence petitioner in accordance with the above-specified agreement.

On January 7, 2016, the circuit court entered its "Entry of Plea and Sentencing Order," which memorialized petitioner's plea agreement and sentence. Following receipt of this order, petitioner, by letter, informed the circuit court that the "Entry of Plea and Sentencing Order" erroneously reflected parole eligibility following fifteen years of incarceration rather than the statutorily-prescribed period of ten years. The circuit court held a hearing on this issue. The State asserted that it would have proceeded to trial if not for the inclusion of the fifteen-year parole eligibility requirement. Finding that the parties agreed upon fifteen years, the circuit court declined to amend the "Entry of Plea and Sentencing Order" to reflect eligibility for parole following ten years of incarceration. On May 12, 2016, the circuit court entered its "Amended Entry of Plea and Sentencing Order Amended," which sentenced petitioner and included the court's ruling on the parole eligibility period. It is from this order that petitioner appeals.

"The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

On appeal, petitioner asserts that the fifteen-year parole eligibility period constitutes an illegal sentence. West Virginia Code § 61-2-14a sets forth the penalty for kidnapping. It also expressly provides that,

> [i]f such person pleads guilty, the court may, in its discretion, provide that such person shall be eligible for parole in accordance with the provisions of said article twelve, and, if the court so provides, such person shall be eligible for parole in accordance with the provisions of said article twelve in the same manner and with like effect as if such person had been found guilty by the verdict of a jury and the jury had recommended mercy[.]

2

*Id.* at § 61-2-14a(b)(2) (1999). West Virginia Code § 62-12-13(c) (2010), in turn, provides that "[a] person sentenced for life may not be paroled until he or she has served ten years, and a person sentenced for life who has been previously twice convicted of a felony may not be paroled until he or she has served fifteen years[.]" Petitioner submits that he has not been convicted of any other felony; therefore, he argues that he is eligible for parole in ten years rather than the fifteen-year period set forth in his plea agreement. Petitioner contends that, because he was never informed of his right to parole eligibility in ten years, he did not knowingly, intelligently, or voluntarily waive that right and the imposition of a fifteen-year parole eligibility period constitutes an illegal sentence.

Following a review of the record in this case, we find that petitioner knowingly, intelligently, and voluntarily waived his right to parole eligibility following ten years of incarceration. Both constitutional and statutory rights are capable of being waived. *See Asbury v. Mohn*, 162 W.Va. 662, 665, 256 S.E.2d 547, 549 (1979) (stating that "the right to appeal may be waived"); Syl. Pt. 2, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975) (holding that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights . . . when such knowing and intelligent waiver is conclusively demonstrated on the record"). During petitioner's plea agreement, he was advised no less than five times that he would be eligible for parole following a period of incarceration of fifteen years. The State placed this provision of the plea agreement on the record, the circuit court informed petitioner of this provision, and petitioner's counsel confirmed on the record the parties' agreement. Therefore, we conclude that petitioner waived his right to parole eligibility in ten years and that the circuit court did not abuse its discretion in finding that the parties agreed upon a fifteen-year period of incarceration prior to parole eligibility.

For the foregoing reasons, we affirm the circuit court's May 12, 2016, sentencing order.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

3