**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED
March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**James Larkin Maynard,
Petitioner Below, Petitioner**

**vs)   No. 19-0889** (Cabell County 18-C-523)

**Russell Maston, Superintendent,
St. Marys Correctional Center,
Respondent Below, Respondent**

# MEMORANDUM DECISION

Petitioner James Larkin Maynard, by counsel Todd Meadows, appeals the August 29, 2019, order of the Circuit Court of Cabell County denying his petition for a writ of habeas corpus. Respondent Russell Maston, Superintendent, St. Marys Correctional Center, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 1, 2014, petitioner pled guilty in the Circuit Court of Cabell County to one count of first-degree robbery in exchange for the State's agreement to dismiss a second count of first-degree robbery and one count of conspiracy to commit robbery ("Cabell County case" or "the instant case"). The State also agreed to make a recommendation that petitioner serve a term of thirty years of incarceration. The Circuit Court of Cabell County accepted petitioner's guilty plea and imposed the sentence of thirty years of incarceration. The Circuit Court of Cabell County ruled that petitioner would serve the sentence for his first-degree robbery conviction consecutive to a previous sentence, for an unrelated incident, imposed by the Circuit Court of Logan County.

1

At the time of his guilty plea in the Cabell County case, petitioner was serving a sentence of incarceration ordered by the Circuit Court of Logan County following a plea of guilty to one count of forgery and one count of uttering, for which he received concurrent terms of one to ten years ("Logan County case"). By a commitment order entered on January 14, 2013, the Circuit Court of Logan County gave petitioner 369 days of credit for time served, making his effective sentence date in the Logan County case January 11, 2012.

Petitioner was arrested for his Cabell County offenses on December 21, 2012.[1] On January 15, 2013, petitioner was transferred to the custody of the West Virginia Division of Corrections ("DOC") to continue serving his sentence in the Logan County case.[2] By second amended order of commitment entered on April 30, 2014, the Circuit Court of Cabell County gave petitioner credit for only twenty-six days previously served because, from January 15, 2013, onward, after his transfer to DOC custody, petitioner was serving his separate sentence imposed by the Circuit Court of Logan County. At an April 10, 2014, hearing, petitioner requested that he be given 442 days of credit for time served—from his sentencing in the Logan County case on January 14, 2013, through his April 1, 2014, plea hearing in the Cabell County case—because, at the time of his arrest in Cabell County while released on bond, he had almost attained parole eligibility with regard to his sentence in the Logan County case. The Circuit Court of Cabell County denied petitioner's request, finding that it was "not going to give him credit for what's he's already doing."

Petitioner did not file a criminal appeal in the Cabell County case. On October 12, 2018, petitioner filed a petition for a writ of habeas corpus, to which respondent filed an answer. At a July 25, 2019, habeas hearing, petitioner raised three grounds for relief before the Circuit Court of Cabell County: (1) ineffective assistance of trial counsel; (2) breach of plea agreement because the State argued that petitioner's sentence in the Cabell County case be served consecutive to his sentence in the Logan County case; and (3) entitlement to credit for time served between January 14, 2013, and April 1, 2014, despite the fact that petitioner was serving his sentence in the Logan County case during that period.

At a July 25, 2019, habeas hearing, petitioner testified that he wanted credit for the period between January 14, 2013, and April 1, 2014, in the Cabell County case because it would reduce the total time he would have to serve in order to attain parole eligibility, stating that he was "doing a nine year and nine month sentence [before parole eligibility] instead of 8½ [years before parole eligibility]" given that his sentence in the Cabell County case is consecutive to his separate sentence in the Logan County case. By order entered on August 29, 2019, the Circuit Court of Cabell County denied the habeas petition, finding that petitioner "got credit" for the time he served

---

[1]When petitioner committed his offenses in the Cabell County case in December of 2012, he was not incarcerated as a result of the Logan County case due to a post-plea bond.

[2]The West Virginia Division of Corrections is now known as the West Virginia Division of Corrections and Rehabilitation pursuant to West Virginia Code § 15A-3-2(a).

as to his sentence in the Logan County case. The Circuit Court of Cabell County further found that it made "clear on the record" that petitioner's guilty plea to one count of first-degree robbery "would in no way guarantee" receipt of "that credit" for time served a second time in Cabell County given that he was already serving his separate sentence in the Logan County case.

Petitioner now appeals the circuit court's August 29, 2019, order denying his habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner takes issue only with the circuit court's ruling as to credit for time served and argues that the court violated the double jeopardy clause by failing to give him credit for the period from his sentencing in the Logan County case on January 14, 2013, through his April 1, 2014, plea hearing in the instant case. Respondent counters that the circuit court properly denied petitioner's claim based upon its finding that petitioner "got credit" for the time he served as to his Logan County sentence in the Logan County case. We agree with respondent.

The double jeopardy clause in Article III, Section 5 of the West Virginia Constitution "prohibits multiple punishments for the same offense." Syl. Pt. 1, in part, *Connor v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977). In *Miller v. Luff*, 175 W. Va. 150, 332 S.E.2d 111 (1985), we stated that "the double jeopardy bar against multiple punishments . . . has no relevance where the defendant is being punished for two separate crimes." *Id.* at 153, 332 S.E.2d at 114 (citing *Connor*, 160 W. Va. at 683, 238 S.E.2d at 530). Here, the circuit court properly gave petitioner twenty-six days of credit for the period from his arrest in Cabell County on December 21, 2012, to January 15, 2013, when petitioner was transferred to the DOC's custody to continue serving his sentence in the Logan County case. Based on our review of the record, we concur with the circuit court's findings that, from January 15, 2013, onward, petitioner "got credit" for the time he served as to his sentence in the Logan County case and that petitioner was not entitled to receive "that [same] credit" a second time in the Cabell County case.

Additionally, to the extent that petitioner's Cabell County criminal activity affected his parole eligibility in the Logan County case, we note that parole is not a right and that eligibility for parole does not guarantee a defendant's release from prison. *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 536, 276 S.E.2d 205, 213 (1981) (stating that "there is no automatic right to parole once the prisoner crosses the threshold of eligibility"); *State v. Lindsey*, 160 W. Va. 284, 291, 233 S.E.2d 734, 738-39 (1977) (finding that "[o]ne convicted of a crime and sentenced to the

penitentiary is never *entitled* to parole") (Emphasis in original.). Therefore, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's August 29, 2019, order denying the instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:  March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4