298 S.E.2d 225

**Paul E. STANLEY**

v.

**Jerry DALE, Supt., Huttonsville Correctional Center.**

**No. 15562.**

Supreme Court of Appeals of West Virginia.

Dec. 1, 1982.

Webster J. Arceneaux, III, Charleston, for petitioner.

John H. Skaggs, Asst. Atty. Gen., Charleston, for respondent.

PER CURIAM:

In this original proceeding in habeas corpus the relator contends, *inter alia*, that he was arbitrarily and capriciously denied parole by the West Virginia Board of Probation and Parole. For the reasons set forth below we disagree and discharge the writ of habeas corpus previously awarded.

On December 18, 1980, the relator pleaded guilty in the Circuit Court of Cabell County to delivery of a controlled substance, i.e., marijuana, and was sentenced to an indeterminate term of from one to five years in the penitentiary. He was sent to Huttonsville Correctional Center. On January 14, 1982, the relator appeared before the Parole Board. By letter of January 18, 1982, the Board denied him parole for the following reasons:

1. The crime for which you were convicted was very serious.

2. Due to your record of convictions for law violations, the Board believes that there is a significant probability of recurring criminal offenses.

In their letter the Board added that it would recommend work release the latter part of the year if the relator had earned it.

On February 16, 1982, the relator filed a petition for a writ of habeas corpus in this Court. A writ was subsequently issued and made returnable on September 14, 1982 with the notation "unless further parole hearing results in parole." An additional parole hearing was held before the Board on August 11, 1982. The relator was again denied parole for substantially the same reasons:

1. The crime for which you were convicted was very serious. Drugs are a malignancy in our society, they destroy the human mind, you have contributed to that destructive force.

2. Due to your record of convictions for law violations, the Board believes that there is a significant probability of recurring criminal offenses.

3. Public sentiment from the area in which your crime was committed indicates you may be a poor risk for parole at this time.

In this proceeding the relator's principal assertion is that in making their decision to deny him parole the Board did not follow the guidelines set forth in syl. pt. 4 of *Tasker v. Mohn,* 165 W.Va. 55, 267 S.E.2d 183 (1980) which provides:

Due process requires that parole release interview processes include the following minimum standards:

(1) Each prospective parolee must be given timely and adequate notice of the date and hour of his parole release interview;

(2) An inmate is entitled to access to information in his record which will be used to determine whether he receives parole (absent overriding security considerations which must be recorded in his file);

(3) Each inmate may personally appear before the parole board and give oral and documentary evidence;

(4) A record, which is capable of being reduced to writing, must be made of each parole release interview to allow judicial review; and

(5) Inmates to whom parole has been denied are entitled to written statements of the reasons for denial.

More specifically, the relator contends that the second and fifth guidelines of *Tasker* were not met in his case and that because of this the decision of the Parole Board should be reversed as being arbitrary and capricious. We disagree.

The written record of the relator's parole interview indicates that the members of the Parole Board considered community sentiment in their decision not to grant parole in this case. The record does not reveal precisely what information the Board considered pertaining to community sentiment, but it is clear that one of the Board members had information before him that "certain people" felt that the relator should be incarcerated because he had been involved in drug sales for some time before his arrest. The transcript indicates that the Board considered this information to be confidential and it was therefore not given to the relator in the pre-parole report he received. The relator argues that if he had been given this information he may have been able to produce evidence to rebut the negative attitude reflected by it.

■ The second standard of syllabus point 2 in *Tasker, supra,* does state that an inmate is entitled to access to information in his file which will be used to determine whether he receives parole. This is, however, a conditional entitlement which does not exist when security considerations dictate otherwise. In the case before us the record does not disclose whether the community sentiment information fell outside of the security principle in *Tasker.* Nor are there depositions from Board members in the record to help us determine to what extent community sentiment was relied on by the Board in reaching their decision. In addition, the relator's second parole interview in August was held on an expedited basis[1] and the relator orally waived the right to timely and adequate notice of his hearing.

■ In habeas corpus proceedings, except for "assistance of counsel" cases, the petitioner has the burden of proof; the degree of proof is by a preponderance of the evidence. *See, Spaulding v. Warden, West Virginia State Penitentiary,* 158 W.Va. 557, 212 S.E.2d 619 (1975); *State ex rel. Scott v. Boles,* 150 W.Va. 453, 147 S.E.2d 486 (1966). In this case we conclude that the relator did not carry the burden of proof and that the evidentiary development is inadequate to sustain a finding that he was deprived of his constitutional rights.

---

1. The Parole Board held a second parole hearing for the relator in August of 1982 upon the advice of their attorney. Clearly, the second interview was the Board's attempt to comply with the case law dealing with parole prior to the relator's habeas corpus petition being heard in this Court on September 14, 1982.

We cannot say with any degree of certainty that the Parole Board would have granted parole to the relator in the absence of their consideration of community sentiment.

■ With regard to the fifth guideline which relator also asserts was violated, again we find no error. To reiterate, the guideline states: "Inmates to whom parole has been denied are entitled to written statements of the reasons for denial." The relator argues that the reasons given by the Board for denying his parole are "very superficial" statements and do not adequate explain why his parole was denied. He contends this is true of both the January 18, 1982 letter and the August 17, 1982 letter.

In *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301, 306 (1981), we commented on our rule originally enunciated in *Tasker, supra*, requiring that reasons be given for denial of parole: "By this holding we intended that written reasons of the parole board for the denial of parole be more than '.... characterized by a mechanistic quality.' " The Board's letter of August 17, 1982 indicates that the members of the Board complied with our rule. The letter and the transcript from the parole hearing both disclose that the Parole Board considered positive as well as negative factors in their decision [2] and the reasons behind each factor were adequately stated. We do not agree with the relator's contention that the reasons given do not explain why his parole was denied.

■ We have held that "[t]he decision to grant or deny parole is a discretionary evaluation by the board based on a prisoner's record and its expertise. We shall only review such decision to see if the board abused its discretion by acting in an arbitrary and capricious fashion." *Tasker, supra*, 165 W.Va. at 67, 267 S.E.2d at 190. In this particular case we cannot say that the Board acted arbitrarily and capriciously in denying parole. The Board did not restrict its inquiry, as the relator asserts, to his

past criminal activity and the pre-sentence investigation report. The Board inquired into the relator's prison conduct and work record and also considered his participation in various prison programs and his psychological condition. The Board is required to do no more to meet the minimum requirements of *W.Va.Code*, 62–12–13 [1976] and *Tasker, supra.*

For the above reasons, the writ of habeas corpus heretofore issued is discharged.

Writ discharged.

2. In *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981), we said:
It is clear that the provisions of *W.Va.Code*, 62–12–13, reflect an intention on the part of

the West Virginia Legislature to require the parole board to consider positive as well as negative factors in the granting or denial of parole.