## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Grant E. Ericksen,**
**Petitioner Below, Petitioner**

**FILED**

June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-1273** (Randolph County 13-C-149)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**West Virginia Board of Probation and Parole,**
**Respondents Below, Respondents**

### MEMORANDUM DECISION

Petitioner Grant E. Ericksen, appearing *pro se*, appeals the December 6, 2013, order of the Circuit Court of Randolph County that found (1) that the West Virginia Board of Probation and Parole did not act arbitrarily or capriciously in denying him release on parole; and (2) that petitioner's due process rights were not violated when the Board refused to elaborate on its reasons for denying parole. Respondent West Virginia Board of Probation and Parole ("board"), by counsel Stephen R. Connolly, filed an amended summary response.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is serving a sentence of life in prison with the possibility of parole because of a kidnaping conviction. In his habeas petition, petitioner describes the victim of his crime as "the mother of my child." Petitioner's kidnaping conviction resulted from a plea agreement where charges of first degree sexual assault, attempted murder, and violation of protective order were dismissed.

The board most recently interviewed petitioner for possible release on parole in October of 2012. The board denied parole because it found that "[petitioner's] continued incarceration will serve to protect society from possible future violence." The board noted that petitioner's prison disciplinary record demonstrated an unwillingness to reintegrate into society. Specifically, petitioner had a total of fifteen "write-ups" including two disciplinary violations within the previous twelve months, which the board rated as "extremely negative." The board also rated community and official sentiment toward possible release of petitioner on parole as "extremely negative."

---

[1] No response was filed by respondent warden.

1

On June 13, 2013, petitioner wrote the board chairman requesting access to the information from which the board made its "extremely negative" finding with regard to community and official sentiment toward release. On June 24, 2013, the chairman denied petitioner access to the information because disclosure would invade the privacy of the persons who commented and "would interfere with the sentiment process." In addition, responding to one of petitioner's other points, the chairman noted that of petitioner's two most recent "write-ups," one was for fighting. In total, petitioner had been written up for fighting "on at least five occasions" including one instance where petitioner attacked an "industry superintendent" at the prison causing him to suffer serious medical complications.

On August 30, 2013, petitioner filed a petition for a writ of habeas corpus challenging the board's denial of parole and the chairman's denial of access to the information with regard to community and official sentiment.[2] On December 6, 2013, the circuit court found (1) that the board did not act arbitrarily or capriciously in denying him release on parole; and (2) that due process was not violated when the board refused to elaborate on its reasons for denying parole.

Petitioner now appeals the circuit court's December 6, 2013, denial of his petition challenging the board's decisions. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, the board's decision to deny parole is subject only to review for abuse of discretion. *See* Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981) (citing *Tasker v. Mohn*, 165 W.Va. 55, 67, 267 S.E.2d 183, 190 (1980)).

On appeal, petitioner argues that due process requires the board to provide him the information with regard to community and official sentiment. *See* Syl. Pt. 4, in part, *Tasker*, 165 W.Va. 55, 267 S.E.2d 183 (if no security concern exists to prevent disclosure, an inmate is entitled to access to information which will be used to determine whether he is paroled). The board counters that its regulations provide that such information is protected against disclosure. *See* W.Va. Code R. § 92-1-19.1.[3] In his reply, petitioner argues that our holding in *Tasker* trumps the

---

[2] Petitioner filed the petition in the Circuit Court of Kanawha County which transferred it to Randolph County because that was where petitioner was incarcerated. *See* W.Va. Code § 53-4A-5 (warden of correctional facility where petitioner is incarcerated is entitled to service). Petitioner challenges the Kanawha County Circuit Court's decision to transfer the case; however, we decline to address that issue because we determine that the Circuit Court of Randolph County properly disposed of the case on its merits. *See infra.*

[3] W.Va. Code R. § 92-1-19.1 provides, in pertinent part, as follows:

board's regulations prohibiting disclosure.

Shortly after we decided *Tasker*, we decided *Stanley v. Dale*, 171 W.Va. 192, 298 S.E.2d 225 (1982). In *Stanley*, the inmate argued, in pertinent part, that he was not provided with access to the information with regard to community sentiment. *Id.* at 194, 298 S.E.2d at 227. This Court rejected the inmate's argument noting that a habeas petitioner bears the burden of proving that his petition has merit. *Id.*, at 194, 298 S.E.2d at 227-28. In *Stanley*, we found that the inmate failed to carry his burden of showing that he was prejudiced by the non-disclosure because "[w]e cannot say with any degree of certainty that the [board] would have granted parole to the [inmate] in the absence of their consideration of community sentiment." *Id.*, at 194-95, 298 S.E.2d at 227-28.

In the instant case, the Court similarly finds that petitioner failed to carry his burden of showing that he was prejudiced by the non-disclosure. While the board rated community and official sentiment as "extremely negative," petitioner's poor prison disciplinary record and propensity toward violence, alone, provided a sufficient basis from which the board could deny parole. Therefore, this Court concludes that the circuit court did not abuse its discretion in denying the petition for a writ of habeas corpus.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 6, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

> Any inmate or interested party may make a request for records of the Parole Board pertaining to consideration of an offender for release on parole; rescission or revocation of parole or discharge of a parolee from supervision provided such records are subject to disclosure under the West Virginia Freedom of Information Act, W. Va. Code § 29B-1-1 et seq. *Examples of documents not to be disclosed include but are not limited to the following: official, judicial, or community sentiment of any form.*

(Emphasis added.).

[4] The Court notes that according to a March 17, 2014 letter from the chairman, petitioner is scheduled to next appear before the board in less than six months.