# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert C. Shrout,**
**Petitioner Below, Petitioner**

**FILED**

January 30, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)    No. 14-0491** (Kanawha County 14-P-207)

**Benita F. Murphy, Chairman of the West Virginia Parole Board,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert C. Shrout, appearing *pro se*, appeals the May 6, 2014, order of the Circuit Court of Kanawha County that denied his petition for writ of mandamus seeking to compel Respondent Benita F. Murphy, Chairman of the West Virginia Parole Board ("the Board"), to provide him all documents regarding community and official sentiment about his possible release on parole. Respondent Board, by counsel Stephen R. Connolly, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is serving a sentence of life in prison with the possibility of parole as a result of his conviction for first degree murder. According to petitioner, the Board has denied him parole on seventeen consecutive occasions.

In November of 2013, the Board denied petitioner parole because (1) the Board rated community and official sentiment with regard to petitioner's possible release on parole as "extremely negative"; and (2) petitioner failed to complete "recommended programming." In response, petitioner asked the Board to provide him all documents the Board relied on in determining community and official sentiment. On April 18, 2014, the board refused to give petitioner the requested documents because such disclosure would invade the privacy of the persons who commented and "would interfere with the sentiment process."

On April 25, 2014, petitioner filed a petition for writ of mandamus in the Circuit Court of Kanawha County that sought to compel the Board to provide him all documents he previously requested. The circuit court denied the petition on May 6, 2014, finding that the board's regulations prohibited the disclosure of such documents. Those regulations include 92 W.Va. C.S.R. § 1-10.1 that provides, in pertinent part, as follows:

1

Any inmate or interested party may make a request for records of the Parole Board pertaining to consideration of an offender for release on parole; rescission or revocation of parole or discharge of a parolee from supervision provided such records are subject to disclosure under the West Virginia Freedom of Information Act, W. Va. Code § 29B-1-1 et seq. *Examples of documents not to be disclosed include but are not limited to the following: official, judicial, or community sentiment of any form.*

(Emphasis added.)

Petitioner now appeals the circuit court's May 6, 2014, order. We review the circuit court's denial of the petition for a writ of mandamus de novo. *See Nobles v. Duncil,* 202 W.Va. 523, 528, 505 S.E.2d 442, 447 (1998). This standard is applicable to cases where the circuit court's decision was based on the following analysis:

A writ of mandamus will not issue unless three elements coexist—(l) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

On appeal, petitioner asserts that due process requires the Board to provide him the documents it relied upon in gaging community and official sentiment. *See* Syl. Pt. 4, in part, *Tasker v. Mohn*, 165 W.Va. 55, 267 S.E.2d 183 (1980) (holding that if no security concern exists to prevent disclosure, inmate is entitled to access to information which will be used to determine whether he is paroled). Petitioner contends that our holding in *Tasker* trumps the Board's regulations prohibiting disclosure. The board counters that its non-disclosure regulations are justified by the public policy of providing victims, judges, prosecutors, police officers, and the community in general some modicum of anonymity so that they will honestly inform the Board of their feelings about an inmate's possible parole.

With regard to petitioner's reliance on *Tasker*, we note that, shortly after we decided *Tasker*, we decided *Stanley v. Dale*, 171 W.Va. 192, 298 S.E.2d 225 (1982). In *Stanley*, we found that the inmate in that case failed to carry his burden of showing that he was prejudiced by the non-disclosure of documents regarding community and official sentiment because "[w]e cannot say with any degree of certainty that the [Board] would have granted parole to the [inmate] in the absence of their consideration of community sentiment." *Id.*, at 194-95, 298 S.E.2d at 227-28. In the instant case, we similarly find that petitioner failed to carry his burden of showing that he was prejudiced by the non-disclosure. While community and official sentiment were rated as "extremely negative," the Board also found that petitioner failed to complete "recommended programming." Given the need to ensure that petitioner is adequately rehabilitated before he is released on parole, we find that petitioner's failure to complete recommended classes, alone, provided a sufficient basis from which the board could deny parole given the deferential standard

2

of review that applies to its decisions. *See* Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981) (citing *Tasker*, 165 W.Va. at 67, 267 S.E.2d at 190) (holding that Board's decision to deny parole is subject only to review for abuse of discretion).[1] Because petitioner cannot show that he was prejudiced by the non-disclosure of documents about community and official sentiment, we conclude that petitioner had no clear legal right to those documents and, therefore, the circuit court did not err in denying petitioner's petition for writ of mandamus seeking to compel their disclosure.

For the foregoing reasons, we affirm.[2]

Affirmed.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**

---

[1] In his correspondence with the Board, petitioner disputed whether he failed to complete "recommended programming." However, because petitioner does not dispute the Board's finding on appeal, we accept the correctness of the determination that he failed to complete recommended classes.

[2] We note that petitioner was denied parole again in November of 2014 and is scheduled for another parole hearing in November of 2015.