# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph Eugene Howard,**
**Petitioner Below, Petitioner**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-1180** (Pocahontas County 14-C-26)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Eugene Howard, pro se, appeals two orders of the Circuit Court of Pocahontas County. In the first order, entered November 2, 2015, the circuit court denied petitioner's petition for a writ of habeas corpus. In the second order, entered November 20, 2015, the circuit court denied petitioner's motion to alter or amend the November 2, 2015, order. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel David A. Stackpole, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted by a jury of burglary and grand larceny. Following the filing of a recidivist information, a separate jury convicted petitioner of being a habitual criminal pursuant to West Virginia Code § 61-11-18(c).[1] The circuit court sentenced petitioner to one to fifteen years of incarceration for his burglary conviction and to one to ten years of incarceration for his conviction for grand larceny. For petitioner's recidivist conviction, the circuit court sentenced him to a life term of incarceration. Petitioner appealed his burglary and grand larceny convictions in

---

[1]Petitioner's prior felony convictions were for burglary on April 23, 1983, in Jackson County, Georgia, and for grand larceny on October 30, 1997, in Highland County, Virginia.

1

Case No. 041681, and this Court refused his appeal on January 20, 2005. Petitioner separately appealed his recidivist conviction in Case No. 041682, and this Court refused that appeal on January 20, 2005.

Subsequently, petitioner filed two petitions for a writ of habeas corpus. In his first habeas proceeding, petitioner was afforded an omnibus hearing on January 3, 2008. In its February 6, 2008, order denying habeas relief, the circuit court found that "[petitioner] knowingly and intelligently waived his right to counsel at the omnibus hearing." Thereafter, he was advised regarding "his obligation to raise all grounds for post[-]conviction relief in one proceeding" and that subsequent habeas petitions would be viewed with disfavor. Following that advisement, petitioner "withdrew" a ground for relief alleging that a member of the jury in his recidivist trial was related to the victim of his underlying offenses of burglary and grand larceny. Petitioner appealed the circuit court's February 6, 2008, order denying habeas relief in Case No. 080938, and this Court refused that appeal on June 17, 2008.

Petitioner filed his second habeas petition on July 18, 2014, raising a single ground for relief: that a juror in his recidivist trial was related to the victim of his underlying offenses. On November 2, 2015, the circuit court denied habeas relief in reliance on syllabus point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), finding that petitioner "expressly withdrew" and waived this ground for relief at the January 3, 2008, omnibus hearing. On November 16, 2015, petitioner filed a motion to alter or amend the November 2, 2015, order alleging that he was intellectually "slow" and that, "if the petitioner knew what he was doing[,] he would have pursued the . . . juror issue." The circuit court denied petitioner's motion by an order entered November 20, 2015.

Petitioner now appeals the circuit court's November 2, 2015, order denying habeas relief and its November 20, 2015, order denying his motion to alter or amend the prior order. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).[2] In syllabus point 2 *of Losh*, we held, as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided,

_____

[2]Because petitioner's motion sought to alter or amend the circuit court's November 2, 2015, order, we review the denial of the motion together with the denial of habeas relief.

2

and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

166 W.Va. at 762, 277 S.E.2d at 608.

On appeal, petitioner contends that his waiver of the issue that he now seeks to raise was not knowingly and intelligently done in the first habeas proceeding. Petitioner alleges that, if he knew what he was doing, he would have pursued the biased juror issue at the January 3, 2008, omnibus hearing. Respondent counters that syllabus point 2 of *Losh* required petitioner to raise all issues that he either knew about or, with reasonable diligence, should have known about at that hearing. We agree with respondent.

We find that petitioner's allegation that he is intellectually incapable of accomplishing a waiver is insufficient to satisfy the burden of showing that his petition has merit. *See Stanley v. Dale*, 171 W.Va. 192, 194, 298 S.E.2d 225, 227-28 (1982) (noting that habeas petitioner generally has burden of proving allegations by preponderance of evidence). The record contradicts petitioner's allegation. During the January 3, 2008, omnibus hearing, the circuit court explicitly found that petitioner (1) "knowingly and intelligently" waived his right to counsel;[3] (2) was advised regarding "his obligation to raise all grounds for post[-]conviction relief in one proceeding"; and (3) "expressly withdrew" the biased juror issue after being so advised. Therefore, based on the foregoing, we find that petitioner fails to show that the circuit court's findings are clearly erroneous and conclude that the circuit court did not abuse its discretion in denying petitioner's instant habeas petition. *See Losh*, at Syl. Pt. 2.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[3]In the habeas petition filed on July 18, 2014, petitioner further alleged that he was advised by counsel to waive the biased juror issue. We find that this allegation is contradicted by the fact that petitioner waived his right to counsel at the January 3, 2008, omnibus hearing.