# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ancel W.,**
**Petitioner Below, Petitioner**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-0335** (Mingo County 14-C-65)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ancel W.,[1] pro se, appeals the April 9, 2015, order of the Circuit Court of Mingo County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Jonathan E. Porter, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 29, 1997, petitioner was convicted by a jury of fifteen counts of sexual assault in the first degree; fifteen counts of incest; and fifteen counts of sexual abuse by a parent, guardian, or custodian. The circuit court sentenced petitioner to an aggregate term of 225 to 525 years of incarceration. Petitioner appealed his convictions, and this Court refused that appeal on January 29, 1999.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Petitioner filed a petition for a writ of habeas corpus in 2000 alleging the following grounds for relief: (1) excessive sentence; (2) insufficient evidence; (3) minor victim's incompetency to testify at trial; (4) undue pre-indictment delay; (5) erroneous jury instructions; and (6) ineffective assistance of trial counsel. The circuit court appointed an attorney to represent petitioner and held an omnibus hearing on April 24, 2001. At the April 24, 2001, hearing, both petitioner and his trial attorney provided testimony. On March 11, 2002, the circuit court entered an order denying habeas relief. Petitioner appealed the denial of habeas relief, and this Court refused that appeal on January 23, 2003.

Petitioner filed a habeas petition in 2005 alleging that (1) he was sentenced under the wrong name; (2) he was not provided with transcripts from his underlying criminal case; and (3) he was denied effective assistance of counsel in his first habeas proceeding. The circuit court addressed petitioner's claim of ineffective assistance of habeas counsel and found that his attorney "adequately represented him" in the first habeas proceeding. Accordingly, the circuit court denied petitioner's second habeas petition.[2]

Subsequently, petitioner filed the instant habeas petition on April 28, 2014, alleging that the circuit court erred by (1) allowing the victim's mother to testify at trial; (2) allowing the victim's mother to recant her testimony; (3) denying petitioner's motion for judgment of acquittal; (4) violating a sequestration order; (5) denying a request for a mistrial; (6) allowing testimony regarding other bad acts; (7) permitting false testimony; (8) qualifying a witness to testify as an expert; (9) failing to timely advise petitioner of his right not to testify at trial; (10) failing to strike a juror for cause; (11) failing to allow a defense witness to testify at trial; (12) permitting testimony pursuant to Rule 404(b) of the West Virginia Rules of Evidence; and (13) violating petitioner's constitutional rights by resentencing him for purposes of appeal. By an order entered April 9, 2015, the circuit court found that all of petitioner's grounds for relief were "previously and finally adjudicated or waived." Accordingly, the circuit court denied habeas relief.

Petitioner now appeals the circuit court's April 9, 2015, order denying habeas relief.[3] We apply the following standard of review in habeas appeals:

---

[2]Petitioner filed a third habeas petition which was dismissed in 2008.

[3]When petitioner filed his appeal, petitioner filed a motion to be provided a complete copy of his case file after a similar motion was denied by the circuit court. We treated petitioner's motion as a request to proceed on a designated record and subsequently granted the motion by an amended scheduling order entered August 21, 2015. Pursuant to the August 21, 2015, order, the record on appeal includes the following: (1) the entire record from petitioner's instant habeas proceeding; (2) the habeas petition and the March 11, 2002, order denying habeas relief from his first habeas proceeding; and (3) documents selected by petitioner from his underlying criminal case.

2

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).[4]

On appeal, petitioner contends that the circuit court erred in denying his habeas petition because the court's findings were inadequate and because the attorney in the first habeas proceeding failed to raise ineffective assistance of trial counsel. Respondent counters that the circuit court's findings were adequate to deny petitioner's habeas petition and that the record contradicts petitioner's allegation that ineffective assistance of trial counsel was not raised in his first habeas proceeding.[5] We agree with respondent.

In *State ex rel. Watson v. Hill*, 200 W.Va. 201, 205, 488 S.E.2d 476, 480 (1997), we directed the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of trial counsel claim. However, we indicated that a hearing might not have been ordered if the circuit court had made findings adequate to show that petitioner's claim would have failed under the applicable *Strickland/Miller* standard for ineffective assistance,[6] stating that "[i]f that was the

---

[4]In addition to his allegation that his habeas attorney was ineffective, petitioner alleges that the decision of the Supreme Court of the United States in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), represents a favorable change in a law applicable to him. Respondent counters that the Supreme Court's decision in *Martinez* does not apply to petitioner's case. As explained *infra*, we find that *Martinez* is distinguishable from petitioner's case on the ground that, in this case, petitioner's attorney raised ineffective assistance of trial counsel in his first habeas proceeding.

[5]Respondent does not argue that petitioner failed to allege ineffective assistance of counsel in his instant habeas petition. Therefore, we assume, *arguendo*, that an allegation of ineffective assistance was implicit in at least one of the thirteen grounds for relief raised in the instant habeas petition.

[6]In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of (continued . . .)

3

court's reasoning, it should have been included in the order[.]" 200 W.Va. at 204, 488 S.E.2d at 479. In the instant case, we find that the circuit court's finding that petitioner's grounds for relief were "previously and finally adjudicated or waived" was adequate to deny his habeas petition because the record conclusively establishes that petitioner's attorney in the first habeas proceeding raised ineffective assistance of trial counsel as an issue.

Moreover, we find that the circuit court's April 9, 2015, order denying the instant habeas petition recites the finding from petitioner's second habeas proceeding in which the court found that his attorney "adequately represented him" in the first habeas proceeding. Petitioner does not challenge the finding that his habeas attorney was effective. We find that petitioner's failure to do so is fatal to his attempt to show that the circuit court erred in denying the instant habeas petition. *See Stanley v. Dale*, 171 W.Va. 192, 194, 298 S.E.2d 225, 227-28 (1982) (noting that habeas petitioner generally has burden of proving allegations by preponderance of evidence). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's April 9, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).