# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth M.,**
**Petitioner Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0259** (Harrison County 12-C-394-1)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


### MEMORANDUM DECISION

Petitioner Kenneth M., by counsel Rocco E. Mazzei, appeals the Circuit Court of Harrison County's February 2, 2016, order denying his amended petition for writ of habeas corpus.[1] Respondent, Karen Pszczolkowski, Warden of Northern Correctional Facility, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for habeas relief on the basis of ineffective assistance of trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, following a jury trial, petitioner was convicted of multiple counts of first-degree sexual assault; sexual abuse by a parent, guardian, custodian or other person in a position of trust; and incest. For those crimes, petitioner was sentenced to a cumulative prison term of thirty to seventy years. Petitioner's direct appeal of his conviction and sentence was refused by this Court in 2010.

In 2013, petitioner, pro se, filed a petition for writ of habeas corpus. Counsel was appointed thereafter, and petitioner, by counsel, filed an amended petition for writ of habeas corpus. In his amended petition, petitioner argued that his trial counsel was constitutionally

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II, 230 W.Va. 731, 742 S.E.2d 419 (2013); State v. Brandon B*., 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L*., 183 W.Va. 641, 398 S.E.2d 123 (1990).

ineffective; that his arrest was illegal due to irregularities; and that his indictment was illegally delayed.

In February of 2015, the circuit court held an omnibus evidentiary hearing on petitioner's amended petition. At that hearing, petitioner testified that his trial counsel was ineffective for failing to strike two jurors during jury voir dire; failing to investigate the potential testimony of petitioner's sons; and failing to call those sons as trial witnesses. By order entered on February 2, 2016, the circuit court denied petitioner's amended petition, and this appeal followed.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner's sole contention before this Court is that he was entitled to habeas relief because his trial counsel was constitutionally ineffective. Petitioner argues, as he did below, that his trial counsel was ineffective for failing to strike two jurors; failing to investigate the potential testimony of his sons; and failing to call those sons as trial witnesses.[2]

Having reviewed the record before us, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised

---

[2]Petitioner also argues that his trial counsel failed to investigate the potential testimony of his sister-in-law and failed to call her as a trial witness. We have long held that a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004) (noting that allegations must have adequate factual support for appointment of counsel, hearing, and/or issuance of writ); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966) (burden in habeas proceedings rests on habeas petitioner); *Stanley v. Dale*, 171 W.Va. 192, 194, 298 S.E.2d 225, 227-28 (1982) (noting that habeas petitioner generally has burden of proving allegations by preponderance of evidence). Based on the record before us, we find that petitioner did not raise any claims regarding his sister-in-law in the habeas petition included in the appendix record. As such, we find no merit to petitioner's argument that the circuit court erred in denying his habeas petition on those grounds, which were not properly presented below.

herein and direct the Clerk to attach a copy of the circuit court's February 2, 2016, "Order *Denying* Petition for Writ of Habeas Ad Subjiciendum and Motion for Reconsideration of Sentence" to this memorandum decision.[3]

For the foregoing reasons, we affirm the circuit court's February 2, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**  September 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Petitioner raises no grounds on appeal regarding the denial of his "motion for reconsideration of sentence."

3

# IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

KENNETH M

Petitioner,

vs.                                                     Civil Case No.: 12-C-394-1
                                                        Honorable John Lewis Marks, Jr.

KAREN PSZCZOLKOWSKI, Warden,
Northern Correctional Facility,

Respondent.

## ORDER *DENYING* PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM AND MOTION FOR RECONSIDERATION OF SENTENCE

On the 2nd day of February 2015, came the Petitioner, Kenneth M        , in person and

by his counsel, Rocco Mazzei, Esq., and the Respondent, Karen Pszczolkowski, not in person,

but by and through Andrea L. Roberts, Assistant Prosecuting Attorney for Harrison County,

West Virginia. The parties appeared pursuant to an Order of this Court setting an Omnibus

Hearing on Kenneth M    _    Petition for a Writ of Habeas Corpus previously filed herein.

Whereupon, the Court explained to the Petitioner the purpose of the Losh v. McKenzie,

166 W.Va. 762, 277 S.E.2d 606 (1981), Checklist (hereinafter referred to as the Losh Checklist)

and inquired of the Petitioner if he had reviewed the Losh Checklist with his attorney. The Court

further explained and advised Petitioner that if any ground of the Losh Checklist is not raised in

this proceeding for a Writ of Habeas Corpus the ground will be deemed permanently waived to

which the Petitioner advised the Court that he did understand. In addition, the Court reviewed in

open Court the grounds of the Losh Checklist which Petitioner had marked to be waived and the

ones Petitioner had not marked and therefore would be raised. The Petitioner advised aloud upon

FEB 0 4 2016

(6)  Involuntary guilty plea;

(7)  Mental competency at time of crime;

(8)  Mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate;

(9)  Incapacity to stand trial due to drug use;

(10)  Language barrier to understanding the proceedings;

(11)  Denial of Counsel;

(12)  Unintelligent waiver of counsel;

(13)  Failure of counsel to take an appeal;

(14)  Consecutive sentence for same transaction;

(15)  Coerced confessions;

(16)  Suppression of helpful evidence by prosecutor;

(17)  State's knowing use of perjured testimony;

(18)  Falsification of a transcript by prosecutor;

(19)  Unfulfilled plea bargains;

(20)  Information in presentence report erroneous;

(22)  Double jeopardy;

(23)  Irregularities in arrest

(24)  Excessiveness or denial of bail;

(25)  No preliminary hearing;

(26)  Illegal detention prior to arraignment;

(27)  Irregularities or errors in arraignment;

(28)  Challenges to composition of grand jury or its procedures;

(29) Failure to provide copy of indictment to defendant;

(30) Defects in indictment;

(31) Improper venue;

(33) Refusal of continuance;

(34) Refusal to subpoena witnesses;

(35) Prejudicial joinder of defendants;

(36) Lack of full public hearing;

(37) Non-disclosure of Grand Jury minutes;

(38) Refusal to turn over witness notes after witness has testified;

(39) Claim of incompetence at time of offense, as opposed to time of trial;

(40) Claims concerning use of informers to convict;

(41) Constitutional errors in evidentiary rulings;

(42) Instructions to the jury;

(43) Claims of prejudicial statements by trial judges;

(44) Claims of prejudicial statements by prosecutor;

(45) Sufficiency of evidence;

(46) Acquittal of co-defendant on same charge;

(47) Defendant's absence from part of the proceedings;

(48) Improper communications between prosecutor or witnesses and jury;

(49) Question of actual guilt upon an acceptable guilty plea;

(50) Severer sentence than expected;

(51) Excessive sentence;

(52) Mistaken advice of counsel as to parole or probation eligibility; and,

(53)     Amount of time served on sentence, credit for time served.

A review of the Petition and "List of Grounds Waived or Asserted," filed pursuant to Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed by the Petitioner and his counsel at the time of the Omnibus Hearing, indicates that the Petitioner, Kenneth M            , requests this Court to address two (2) grounds:

(21)     Ineffective assistance of counsel; and,

(32)     Pre-indictment delay.

The September 2008 Term of the Harrison County Grand Jury returned a sixteen (16) count indictment charging the Petitioner with four (4) counts of sexual abuse in the first degree, four (4) counts of sexual assault in the first degree, four (4) counts of sexual abuse by a parent and four (4) counts of incest, Felony Indictment 08-F-192-1.

Nancy Ulrich, Chief Public Defender, a seasoned criminal attorney was appointed to represent Kenneth   . M

A jury trial was commenced on December 9, 2008. Prior to jury instructions being given during trial, the Court granted defense counsel's motion to dismiss Counts One (1), Five (5), Nine (9), and Thirteen (13), which were the four (4) counts of sexual abuse in the first degree. Ultimately, the jury returned a verdict of guilty upon the twelve (12) remaining counts: four (4) counts of sexual assault in the first degree, four (4) counts of sexual abuse by a parent, and four (4) counts of incest.

On April 27, 2009, a sentencing hearing was held at which time the Petitioner was sentenced as follows: Count Two offense-sexual assault in the first degree-15 to 35 years; Count Three offense-sexual abuse by a parent-5 to 15 years; Count Four offense-incest-5 to 15 years; Count Six offense-sexual assault in the first degree-15 to 35 years; Count Seven offense-sexual

abuse by a parent-5 to 15 years; Count Eight offense-incest-5-15 years; Count Ten offense-sexual assault in the first degree-15 to 35 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight; Count Eleven offense-sexual abuse by a parent-5 to 15 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight; Count Twelve offense-incest-5 to 15 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight; Count Fourteen offense-sexual assault in the first degree-15 to 35 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight; Count Fifteen offense-sexual abuse by a parent-5 to 15 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight; and Count Sixteen offense-incest-5 to 15 years to run consecutively to Counts Two, Three, Four, Six, Seven and Eight.

In addition, Kenneth M            is required to serve a period of twenty (20) years supervised release by the Harrison County Adult Probation Office to commence upon expiration of the term of imprisonment theretofore imposed upon him or upon his discharge from parole, whichever should occur later.

On November 2, 2009, the Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals and the appeal was refused on November 17, 2010.

On September 10, 2012, the Petitioner filed the instant Petition for a Writ of Habeas Corpus alleging two (2) grounds: ineffective assistance of counsel and preindictment delay.

On July 19, 2013, an Amended Petition and Losh Checklist were filed alleging three (3) grounds: ineffective assistance of counsel, irregularities in arrest, and pre-indictment delay, which the Court will now addresses *in seriatim*:

<u>Ineffective Assistance of Counsel</u>
(<u>Losh</u> Checklist No. 21)

Claims of ineffective assistance of counsel are governed by the two-prong test established

in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and

subsequently adopted by the West Virginia Supreme Court of Appeals in *State v. Miller*, Syl. Pt.

5, 194 W.Va. 3, 459 S.E.2d 114 (1995). In syllabus point 5 of *Miller*, the West Virginia

Supreme Court of Appeals stated:

> In the West Virginia courts, claims of ineffective assistance
> of counsel are to be governed by the two-prong test
> established in <u>Strickland v. Washington, 466 U.S. 668, 104</u>
> <u>S.Ct. 2052, 80 L.Ed.2d 674 (1984)</u>: (1) Counsel's
> performance was deficient under an objective standard of
> reasonableness; and (2) there is a reasonable probability
> that, but for counsel's unprofessional errors, the result of
> the proceedings would have been different.

"In deciding ineffective assistance claims, a court need not address both prongs of the

conjunctive *Strickland/Miller* standard, but may dispose of such a claim based solely on a

petitioner's failure to meet either prong of the test." *State ex rel. Daniel v. Legursky*, 195 W.Va.

314, 321, 465 S.E.2d 416, 423(1995). The failure of the petitioner to meet the burden of proof

imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim. *State ex*

*rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999),

*citing, State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

The first prong of the *Strickland/Miller* test requires that a petitioner "identify the acts or

omissions of counsel that are alleged not to have been the result of reasonable professional

judgment. The court then must determine whether, in light of all the circumstances, the identified

acts or omissions were outside the wide range of professionally competent assistance."

*Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The petitioner's burden in this regard is heavy, as

there is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Miller,* 194 W.Va. at 15, 459 S.E.2d at 126, quoting *Strickland,* at 689, 104 S.Ct. at 2065. In *Miller,* the West Virginia Supreme Court explained the parameters of this presumption:

> In other words, we always should presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden because constitutionally acceptable performance is not defined narrowly and encompasses a 'wide range.' The test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

194 W.Va. at16, 459 S.E.2d at 127. The Supreme Court further explained that:

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.,* Syl. Pt. 6, 194 W.Va. 3, 459 S.E.2d 114.

The second prong, or "prejudice" requirement, of the *Strickland/Miller* test looks to whether counsel's deficient performance adversely affected the outcome in a given case. That is, Petitioner must "demonstrate that the complained of deficiency resulted in prejudice or . . . a "reasonable probability" that in the absence of error the result of the proceedings would have been different . . . and was fundamentally unfair or unreliable." *State ex rel. Daniel v. Legursky,*

195 W.Va. 314, 325, 465 S.E.2d 416, 427 (1995). *See also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Again, "[a]ssessments of prejudice are necessarily fact-intensive determinations peculiar to the circumstances of each case." *Legursky*, 195 W.Va. at 325, 465 S.E.2d at 427.

The Petitioner alleges in his initial and amended petitions that trial counsel was ineffective for the following reasons:

a. Trial counsel did not obtain an expert witness;

Petitioner did not specify what kind of expert witness trial counsel did not obtain. If the issue of obtaining an expert witness for trial was discussed with counsel and it was decided not to obtain such a witness, then such course of action was likely trial strategy that would not amount to ineffective assistance of counsel. In *Coleman v. Painter*, 215 W.Va 592 (2004), the defendant was not entitled to habeas corpus relief on ineffective assistance of counsel grounds for failing to procure and prepare an expert witness in a trial for sexual abuse where the defendant failed to identify the proposed expert and offered only speculation as to what the expert might have testified to at trial. Moreover, Petitioner M        offered no testimony whatsoever at the omnibus hearing on this ground, and the Court believes this ground is waived.

b. Trial counsel did not obtain documents to support an alibi defense;

The Petitioner has not demonstrated what documents trial counsel was to have obtained to demonstrate an alibi defense, whether the documents actually existed, and whether the same were capable of being obtained. Again, Petitioner M        offered no testimony whatsoever at the omnibus hearing on this ground, and the Court believes this ground is waived.

c. Trial counsel did obtain records to prevent prosecution.

Petitioner has not specified exactly records trial counsel did not obtain to prevent his prosecution, whether these records exist, and whether the same could be obtained. Petitioner also offered to testimony whatsoever at the omnibus hearing in this regard, the Court believes this claim is waived.

d. Trial counsel did not know the sentencing statues.

Petitioner offered no evidence whatsoever in support of this contention and the Court believes this claim is waived.

e. Petitioner alleges trial counsel was ineffective for failing to strike two jurors at the time of jury selection.

During the omnibus hearing, the Petitioner testified that a "Calvin Walters" and a "Mr. Leeson" were on his jury. Petitioner testified to "had trouble" with these men that would likely have resulted in the verdicts against him. However, upon a review of the juror list, there was neither a Mr. "Walters" nor a Mr. "Leeson" on the jury. Consequently, the Court believes this contention is without merit.

f. Petitioner contended that trial counsel should have subpoenaed his two, then-minor sons to testify in his favor in the underlying criminal case.

Petitioner asserted that his two sons, who were minors at the time of the alleged sexual offenses, have recanted their statements against him. The underlying criminal record reveals that neither minor son testified against Petitioner at trial; rather, it appears that the sons made statements to investigators about the Petitioner's alleged abuse of their minor sister. At the omnibus hearing, Petitioner presented no evidence whatsoever to demonstrate that either of his sons (who would now be adults) had ever recanted their prior statements.

g. Petitioner contends that Roy M        states there were no utilities in the house when the assault occurred in April 1992.

In attempting to discredit the now-adult victim's childhood recollections of when and where the sexual offenses occurred, Petitioner argued that no utilities were on in the house where and when the alleged offenses occurred. In reviewing the court file, Roy M        testified that he moved into the house where the sexual offenses occurred in July or August of 1992 and that he turned the power on at that time. He did not testify as to whether there was power on in the particular residence in April 1992. This testimony was before the jury in the underlying criminal case. The Petitioner's contention that trial counsel failed to elicit such testimony and was ineffective is without merit.

It is the Petitioner's duty when alleging ineffective assistance of counsel to provide sufficient evidence to support the allegation. Based upon the foregoing, the Petitioner has failed to prove that he received ineffective assistance of counsel. Thus, this ground in support of Petitioner's request for habeas corpus relief, ineffective assistance of counsel, should be denied.

### Irregularities in Arrest
### (Losh Checklist No. 23)

Petitioner initially indicated by not marking this ground that he was going to raise it at the omnibus hearing. At the omnibus hearing, however, Petitioner and his counsel both stated Petitioner was waiving this particular ground.

### Pre-Indictment Delay
### (Losh Checklist No. 32)

The Petitioner alleges that the State delayed in the prosecution of the Petitioner from the time of the disclosure of the abuse in January 1993 until his extradition from Tennessee in 2008. The trial transcript shows that Lieutenant Steve Johnson of the Harrison County Sheriff's

Department testified that after the disclosure of the sexual abuse by the victim in January 1993 that he called the Petitioner and the person on the phone identified himself as Kenneth, that he identified himself as being from the Harrison County Sheriff's Department and advised Kenneth that he was starting an investigation into an allegation of child sexual assault and he needed him to come in and speak to him. The Petitioner advised he would come in and speak to Lieutenant Johnson. The Petitioner did not come in and on July 12, 1993, Lieutenant Johnson went to the Harrison County Magistrate Court and obtained an arrest warrant for Petitioner. The trial transcript reflects when Mr. M          could not be found, one of the deputies said he thought Petitioner was in Rainelle, Greenbrier County, West Virginia. Lieutenant Johnson then faxed the arrest warrant to the Greenbrier County Sheriff's Department and they looked for Petitioner, but he was unable to be found. A few years later one of Petitioner's family members died and Lieutenant Johnson went to the funeral home to try to catch Petitioner there, but Petitioner did not attend the funeral. Petitioner was not apprehended until he was stopped by a police officer in Tennessee in 2008 where he was living under the alias of William Lee M          Petitioner was extradited back to West Virginia to answer for the crimes he had committed here. During the omnibus hearing the Petitioner testified that he left the state of West Virginia and admitted under oath that he was living under the alias of William M          Ultimately, any delays were of the Petitioner's own making.

In *State v. Knotts*, 223 W.Va 594 (2009) the West Virginia Supreme Court of Appeals held "in order to maintain that pre-indictment delay violates the due process clause of the Fifth Amendment and State Constitution, the defendant must show actual prejudice; overruling State *ex rel. Leonard v. Hey*, 269 S.E.2d 394, and *Hundley v. Ashworth*, 181 W.Va. 379, 382 S.E.2d 573. U.S.C.A. Const.Amend. 5; Const. Art. 3, § 10. In determining whether pre-indictment delay

violates the due process clause of the Fifth Amendment and State Constitution, the initial burden is on the defendant to show that actual prejudice has resulted from the delay, and once that showing has been made, the trial court must then balance the resulting prejudice against the reasonableness of the delay, and in balancing these competing interests, the core inquiry is whether the government's decision to prosecute after substantial delay violates fundamental notions of justice or the community's sense of fair play.

Here, the Petitioner himself was responsible for the delay in his prosecution because he fled to another state and lived under an alias to avoid the child sexual assault allegations. Petitioner has not demonstrated any prejudice. Ultimately, the Petitioner has failed to present any evidence in support of pre-indictment delay. Thus, this ground should be denied.

In addition, Petitioner filed his W.Va. R. Crim. Pro. 35 "Motion for Reconsideration of Sentence" in the instant case on October 16, 2015. The Court believes that Petitioner's Motion should be denied because Petitioner's instant Motion is untimely and because sentencing is appropriate for the reasons set forth in the underlying criminal matter.

## Ruling

It appearing to the Court that, after review of the findings of fact and conclusions of law above, no meritorious grounds for relief have been substantiated by the Petitioner. Accordingly, the Petition for Writ of Habeas Corpus should be and is hereby **DENIED**.

It is further **ORDERED** that the Petitioner's October 16, 2015, "Motion for Reconsideration of Sentence" should be and the same is hereby **DENIED**.

It is further **ORDERED** that the aforementioned petition should be and is hereby dismissed from the active docket of this Court.

The Circuit Clerk is **DIRECTED** to send certified copies of this Order to the following:

Rocco Mazzei, Esq.
427 West Pike Street, Suite 200
Clarksburg, WV 26301

Andrea L. Roberts, APA
Harrison County Courthouse
301 West Main Street, Suite 201
Clarksburg, WV 26301

ENTER: _February 2, 2016_

_____
The Hon. John Lewis Marks, Jr., Judge